FÉLIX NIEVES PELUYERA, Plaintiff and Appellant, v. ANGEL AYALA FALCÓN ET AL., Defendants and Appellees.

No. 9360.    Argued November 14, 1946.—Decided January 13, 1947.

*Luis Mendín* for appellant.    *J. Calasanz Rivera* for appellees.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Félix Nieves Peluyera, plaintiff and appellant, acquired on January 29, 1940, for the sum of $54.56, a farm sold at public auction for the collection of delinquent taxes owed by José Ayala Falcón, a former owner. The latter, as well as his wife, María Nieves Falcón, died; and their heirs, defendants herein, allege that they are owners in common of the farm in question. They further allege that, although it is true that the farm was sold at a tax sale and awarded to the plaintiff, it is also true that the whole transaction was carried out under an agreement between the plaintiff and María Nieves, defendant's predecessor in interest, and that the plaintiff acted under the instructions and with money ($25 in cash) which María Nieves gave to him to buy the farm, but with the understanding that the plaintiff would convey the title to María Nieves and the heirs as soon as he were reimbursed for the money advanced by him at the tax sale, it being further agreed, that the plaintiff would plant 2½ acres (*cuerdas*) with tobacco, subject to the condition that 25 per cent of the

proceeds of that crop would be given to María Nieves, from which plaintiff would deduct the amount advanced by him at the tax sale, plus interest thereon at the legal rate; that the plaintiff planted and gathered the tobacco, taking $96, that is, the 25 per cent which belonged to María Nieves as agreed, in order to collect the money advanced by him at the tax sale and for the payment of future taxes; that notwithstanding the fact that he has been fully reimbursed, the plaintiff refuses to convey the farm to the heirs as it had been agreed.

The case went to trial and the lower court found that, although it was true that the plaintiff had acquired the farm by purchase at a tax sale for the sum of $54.56, the defendants had established and proved the existence of a legitimate and genuine conflict of titles over the farm; that since there were *bona fide* conflicting claims of title, the same could not be tried or determined in an unlawful detainer proceeding. The lower court then rendered judgment dismissing the complaint in the unlawful detainer proceeding, with costs against the plaintiff but without including attorney's fees. From that judgment the plaintiff has appealed, and he urges that the lower court committed the errors discussed below.

██ The appellant maintains that the lower court erred in considering as alleged, established, and proved the existence of a legitimate and genuine conflict of titles over the farm.

The title of purchase or award in a tax sale conveys the property to the purchaser or grantee and is recordable notwithstanding the right of redemption granted by law to the debtor. *National City Bank of N. Y.* v. *Registrar*, 44 P.R.R. 417. We think that by obtaining the certificate of purchase of real property, issued by the Collector of Internal Revenue of Aguas Buenas, the plaintiff acquired from that moment the ownership of the farm. Nevertheless, after an examination of the evidence introduced in the lower court, we must agree with the latter and conclude that, although it is true that the plaintiff holds such a certificate of purchase, it is likewise true

that he holds it, as has been alleged, as security for the money advanced by him to María Nieves when purchasing the farm at the tax sale, and that, if what has been alleged is true, he is bound to convey the title to the heirs in accordance with the agreement entered into between him and María Nieves, since he has been reimbursed in full for the money advanced in the sale. Whether the plaintiff is the sole and absolute owner of the farm in question or whether he is a mere trustee, holding his present title for the benefit of the defendants, as heirs of José Ayala and María Nieves, is a question which involves a conflict of titles that can not be decided in an unlawful detainer proceeding. On various occassions, this court has stated that conflicting claims of title, if *bona fide,* can not be tried and determined in an unlawful detainer proceeding. A flimsy pretense will be brushed aside. An apparently *bona fide* claim supported by evidence sufficient to show some color of right—evidence sufficient to present a genuine question of title—will justify and require a dismissal of the proceeding. *Heirs of Pedroza* v. *Martínez,* 64 P.R.R. 5; *Colón* v. *Colón,* 51 P.R R. 95; *Porto Rican Leaf Tobacco Co.* v. *Colón,* 50 P.R.R. 291. In our judgment, the court did not err in holding that the existence of a legitimate and genuine conflict of titles over the farm had been alleged, established, and proved.

For the reasons stated we think that the judgment of the lower court should be affirmed.